UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                      CASE NO: 8:15-cr-335-CEH-MAP

JOSE MIGUEL ANGULO CABEZA
_____/

**ORDER**

This matter comes before the Court on the following *pro se* motions filed by Defendant, Jose Miguel Angulo Cabeza: Defendant's Motion to Compel Government to File Rule 35(b) Motion (Doc. 89), Motion to Request Sentence Reduction under § 5K1.1 (Doc. 92),[1] and Motion to Reply to Government's Response to Defendant's Motion to Compel the Government to File Rule 35 Motion (Doc. 99). In his motions, Defendant contends that he provided substantial assistance to the Government by informing federal agents of the whereabouts of Alexander LNU,[2] and he seeks an order directing the Government to file a Rule 35(b) Motion on his behalf. The Government filed responses in opposition. Docs. 91, 98. The Court, having considered the motions and being fully advised in the premises, will deny Defendant's motions.

---

[1] Defendant has filed two additional motions in which he seeks to compel the Government to file a Rule 35 motion on his behalf based on the same reasons raised in Docs. 89 and 92. *See* Docs. 93, 94. Because the latter motions also request a sentence reduction under 18 U.S.C. § 3582(c)(2) due to Amendment 782, Defendant is entitled to appointment of counsel on that issue, *see* Administrative Order in case 6:14-mc-78-Orl-22. Accordingly, the Court will address Docs. 93 and 94 once the United States Probation Office prepares an Amendment 782 Memorandum addressing the Defendant's eligibility and the Federal Defender states its position.

[2] Although the last name was previously unknown to him, Defendant recently learned Alexander's last name is "Cabeza."

## BACKGROUND

On November 20, 2015, Defendant, Jose Miguel Angulo Cabeza, pleaded guilty to Count One of a two-count Indictment for conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. Docs. 1, 57. Count One carried a mandatory minimum term of imprisonment of ten years up to a maximum of life imprisonment, a fine of up to $10,000,000, a term of supervised release of at least five years up to a maximum term of life, and a special assessment of $100 per felony count for individuals. Doc. 57 at 1. The Court accepted Defendant's plea on December 8, 2015, and adjudicated Defendant guilty. Doc. 58. A Judgment was entered on February 17, 2016, sentencing Defendant to 135 months in prison with a five-year term of supervised release. Doc. 84. Defendant now moves for an order compelling the Government to file a Rule 35 motion on his behalf.

## DISCUSSION

Defendant seeks an order compelling the Government to file a Rule 35(b) motion on his behalf for the cooperation he gave in the capture of Alexander Cabeza. In pertinent part, Federal Rule of Criminal Procedure 35(b) states:

> (b) Reducing a Sentence for Substantial Assistance.
>
>> (1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
>> (2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:

2

> > (A) information not known to the defendant until one year or more after sentencing;
> > (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
> > (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b).

"'Federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive,' like 'race or religion.'" *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009) (quoting *Wade v. U.S.*, 504 U.S. 181, 185–86 (1992)). Moreover, the Government has "a power, not a duty, to file a motion when a defendant has substantially assisted." *Wade*, 504 U.S. at 185. However, "a prosecutor's discretion when exercising that power is subject to constitutional limitations that district courts can enforce." *Wade*, 504 U.S. at 185-86. Nonetheless, "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." *Wade*, 504 U.S at 186 (citation omitted). However, "judicial review is appropriate when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of

3

a constitutionally impermissible motivation." *United States v. Forney*, 9 F.3d 1492, 1502-1503 (11th Cir. 1993) (citing *Wade*, 504 U.S. at 185-186) (emphasis in original).

Here, Defendant seeks a post-sentence reduction because he provided information which he claims led to the capture and prosecution of Alex Cabeza, who Defendant states is in custody now. Doc. 92 at 2. In response, the Government indicates the case agent confirms that Defendant in a post-Miranda interview identified an "Alexander LNU" as the one who hired Defendant to participate in the smuggling event that resulted in Defendant's arrest. The case agent also advised that the information provided by Defendant was not used by law enforcement, and the case agent has no knowledge of anyone by the name of "Alexander Cabeza" being in custody in the United States. Similarly, the AUSA has searched the Bureau of Prison's website and determined no prisoner records are listed under that name. Therefore, because Defendant has not provided substantial assistance to the United States for the prosecution of another person as claimed by Defendant, the Government argues Defendant's motions to compel the filing of a Rule 35(b) motion should be denied. Defendant seeks to file a reply to the Government's response, but the Defendant's motion primarily reiterates that Alexander's last name is "Cabeza," a fact already briefed in Defendant's motion at Doc. 92. Nothing in Defendant's motion seeking to file a reply indicates new information that would change the result. Thus, the motion to file a reply is due to be denied.

As stated above, Defendant does not offer credible evidence that he provided substantial assistance that led to the prosecution of another person Moreover,

Defendant has not alleged nor provided evidence that the Government's refusal to file a Rule 35 substantial-assistance motion on his behalf is based on a constitutionally impermissible motive. Accordingly, Defendant's motions to compel the Government to file a Rule 35 motion are due to be denied.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Compel Government to File Rule 35(b) Motion (Doc. 89) is **DENIED**.

2. Defendant's Motion to Request Sentence Reduction under § 5K1.1 (Doc. 92) is **DENIED**.

3. Defendant's Motion to Reply [to] the Government's Response to Defendant's Motion to Compel the Government to File Rule 35 Motion (Doc. 99) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on October 29, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Jose Miguel Angulo Cabeza, *pro se*
Counsel of Record