UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:15-cr-335-CEH-MAP

JOSE MIGUEL ANGULO CABEZA
_____/

**ORDER**

This matter comes before the Court on Defendant Jose Miguel Angulo Cabeza's Motion for Reduction of Sentence for Substantial Assistance to the United States of America (Doc. 104). In the motion, Defendant requests this Court reduce his sentence or order the Government to file a Rule 35(b) motion on his behalf. The Government filed a response in opposition. Doc. 108. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's motion.

**I.   STATEMENT OF FACTS**

On November 20, 2015, Defendant, Jose Miguel Angulo Cabeza, pleaded guilty to Count One of a two-count Indictment for conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. Docs. 1, 53, 57. Count One carried a mandatory minimum term of imprisonment of ten years up to a maximum of life imprisonment, a fine of up to $10,000,000, a term of supervised release of at least five years up to a maximum term of life, and a special assessment of $100 per felony count for individuals. Doc. 57 at 1. The Court accepted Defendant's Plea on December 8, 2015,

and adjudicated Defendant guilty. Doc. 58. A Judgment was entered on February 17, 2016, sentencing Defendant to 135 months in prison with a five-year term of supervised release. Doc. 84. Defendant now files another motion seeking to compel the Government to file a Rule 35 motion on his behalf.[1]

## II.  LEGAL STANDARD

In pertinent part, Federal Rule of Criminal Procedure 35(b) states:

(b) Reducing a Sentence for Substantial Assistance.

> (1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
> (2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>> (A) information not known to the defendant until one year or more after sentencing;
>> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b).

## III.  DISCUSSION

---

[1] Defendant previously filed motions seeking to compel the Government to file a Rule 35(b) motion due to purported substantial assistance he provided. Docs. 89, 92 These motions were denied. *See* Doc. 102.

"'Federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive,' like 'race or religion.'" *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009) (quoting *Wade v. U.S.*, 504 U.S. 181, 185–86 (1992)). Moreover, the Government has "a power, not a duty, to file a motion when a defendant has substantially assisted." *Wade*, 504 U.S. at 185. However, "a prosecutor's discretion when exercising that power is subject to constitutional limitations that district courts can enforce." *Wade*, 504 U.S. at 185-86. Nonetheless, "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." *Wade*, 504 U.S at 186 (citation omitted). However, "judicial review is appropriate when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." *United States v. Forney*, 9 F.3d 1492, 1502-1503 (11th Cir. 1993) (citing *Wade*, 504 U.S. at 185-186) (emphasis in original).

Here, Defendant seeks a post-sentence reduction because he claims that he gave substantial assistance in regard to providing information on Jose Alex Cabeza-Olaya. Doc. 104 at 1. Defendant claims to have explained that Jose Alex Cabeza-Olaya was the leader of the organization as well as gave the address of his home in Colombia, which led to his arrest and sentencing. In response, the Government asserts that it contacted the prosecutor in the Jose Alex Cabeza-Olaya case who advised that none of the information provided by the Defendant was used to indict or prosecute Jose

Alex Cabeza-Olaya. Doc. 108 at 2. Thus, the Government will not be filing a motion for reduction of sentence for the Defendant.

As discussed above, Defendant did not offer any substantial assistance that led to enforceable action of another person. Moreover, Defendant has not alleged and provided a substantial showing that the Government's refusal to file a Rule 35 substantial assistance motion is based on a constitutionally impermissible motive to warrant judicial review. Accordingly, Defendant's motion for a reduction in his sentence or to compel the Government to file a Rule 35(b) motion is due to be denied.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion for Reduction of Sentence for Substantial Assistance to the United States of America (Doc. 104) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on July 1, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Jose Miguel Angulo-Cabeza, *pro se*
Counsel of record