UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                            CASE NO: 8:15-cr-335-CEH-TGW

JOSE MIGUEL ANGULO CABEZA
_____/

**ORDER**

This matter comes before the Court on Defendant's Supplemental Motions to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Docs. 93, 94. In the supplemental motions, Defendant seeks a reduction in his term of imprisonment from 135 months to 120 months due to post-sentencing cooperation and because of amendments to the sentencing guidelines. The Government filed a response in opposition. Doc. 96. The Court, having considered the motions and being fully advised in the premises, will deny Defendant's Supplemental Motions to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2).

BACKGROUND

On November 20, 2015, Defendant, Jose Miguel Angulo Cabeza, pleaded guilty to Count One of a two-count Indictment for conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. Docs. 1, 57. Count One carried a mandatory minimum term of imprisonment of ten years up to a maximum of life imprisonment, a fine of up to $10,000,000, a term of supervised release of at least five years up to a

maximum term of life, and a special assessment of $100 per felony count for individuals. Doc. 57 at 1. The Court accepted Defendant's plea on December 8, 2015, and adjudicated Defendant guilty. Doc. 58. A Judgment was entered on February 17, 2016, sentencing Defendant to 135 months in prison with a five-year term of supervised release. Doc. 84. Defendant moves for a reduction in his sentence for post-sentence cooperation against another person and due to a reduction in the sentencing guidelines under Amendment 782.

## DISCUSSION

The Court, in general, may not modify a term of imprisonment once it has been imposed. *See United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (citing 18 U.S.C. § 3582(c)). Under 18 U.S.C. § 3582(c), a court may modify a sentence in only three circumstances: (1) on motion of the Director of the Bureau of Prisons; (2) under Federal Rule of Criminal Procedure 35 or as otherwise expressly permitted by statute; or (3) if the sentencing range has subsequently been lowered by the Sentencing Commission. *United States v. Phillips*, 597 F.3d 1190, 1195 (11th Cir. 2010); *United States v. McGranahan*, 168 F. App'x 934, 937 (11th Cir. 2006). The defendant bears the burden of proving his eligibility for a § 3582(c)(2) sentence reduction. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

Defendant's efforts to reduce his sentence under Rule 35 fails, as previously discussed by the Court in its orders of October 29, 2021 (Doc. 102) and July 1, 2022

(Doc. 110), as well as by the Government in its response (Doc. 98).[1] The information provided by Defendant regarding "Alexander LNU" was not used by law enforcement in the prosecution of any other person, and thus Defendant did not provide substantial assistance to the United States. Doc. 98 at 2.

With regard to Defendant's request for a reduction in sentence due to a change in the sentencing guidelines, the Federal Defender was appointed on Defendant's behalf for the Amendment 782 proceedings (Doc. 101) pursuant to the Court's *Omnibus Order In Re: Amendment 782, United States Sentencing Guidelines*, 6:14-mc-78-ACC. The Federal Defender filed a notice of appearance (Doc. 103) and thereafter filed a Notice stating that the Office of Public Defender would not be seeking relief on Defendant's behalf under 18 U.S.C. § 3582(c)(2) and Amendment 782 because Amendment 782 was in effect at the time of Defendant's sentencing on February 17, 2016. Doc. 106 at 2–3. According to Probation's Amendment 782 memorandum, Defendant was already sentenced under the 2015 Guideline Manual and has already been afforded all the benefits associated with Amendment 782. Doc. 105. Accordingly, Defendants' motions are due to be denied. It is hereby

**ORDERED**:

1. Defendant's Supplemental Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 93) is **DENIED**.

---

[1] Defendant has filed multiple motions seeking to compel the Government to file a Rule 35(b) motion on his behalf. Docs. 89, 92, 104.

    2.    Defendant's Supplemental Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 94) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on November 10, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties